378 So.2d 873 (1979)
P. Robert OSBORN, Appellant,
v.
The UNIVERSITY SOCIETY, INC., Appellee.
No. 79-731.
District Court of Appeal of Florida, Second District.
December 21, 1979.
*874 W. Cort Frohlich of Wotitzky, Wotitzky, Johnson, Mandell & Batsel, Punta Gorda, for appellant.
Kenton H. Haymans and Lester E. Durst of Farr, Farr, Haymans, Moseley & Odom, Punta Gorda, for appellee.
GRIMES, Chief Judge.
This is an appeal from an order dismissing a complaint for lack of jurisdiction over the defendant.
Robert Osborn filed the complaint against the University Society, Inc. seeking damages for its failure to pay him for services under a consulting contract. He alleged that at the time he entered into the contract with the Society he was domiciled in Punta Gorda, that he signed the contract in Punta Gorda, and that although the contract was silent as to the place of payment, the Society had made all payments in Punta Gorda. He also alleged that the Society was a New York corporation with its principal place of business in New Jersey.
Osborn sought to obtain jurisdiction over the Society pursuant to the provisions of Section 48.193(1)(g), Florida Statutes (1977). The Society, however, moved to dismiss for lack of jurisdiction. The court granted the motion, concluding that the allegations of the complaint were insufficient to subject the Society to jurisdiction under the statute.
Section 48.193(1)(g), Florida Statutes (1977), provides that a person is subject to the jurisdiction of the court if he "[b]reaches a contract in this state by failing to perform acts required by the contract to be performed in this state." In Madax International Corp. v. Delcher Intercontinental Moving Services, Inc., 342 So.2d 1082 (Fla.2d DCA 1977), our court in considering the reach of this section stated that where there is an express promise to pay and the contract does not state a place of payment, the debtor must seek the creditor and thus the breach occurs where the creditor is domiciled. In light of the principle announced in Madax, a literal reading of the statute suggests that the court had jurisdiction over the Society in this case.
Nevertheless, in cases involving jurisdiction over nonresidents, there are constitutional issues which we must also consider. A court may acquire personal jurisdiction over a nonresident only if the nonresident has "minimum contacts with [the forum state] such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945). Thus, under a given factual situation, even though a nonresident may appear to fall within the wording of a long arm statute, a plaintiff may not constitutionally apply the statute to obtain jurisdiction in the absence of the requisite minimum contacts with the forum state. Harlo Products Corp. v. Case Co., 360 So.2d 1328 (Fla. 1st DCA 1978); Jack Pickard Dodge, Inc. v. Yarbrough, 352 So.2d 130 (Fla. 1st DCA 1977).
We find nothing in the complaint which would indicate that the Society was availing itself of the privilege of conducting activities in Florida. The execution of a contract with a Florida resident for him to furnish consulting services at an unspecified location is an insufficient contact with Florida upon which to predicate jurisdiction. In contrast, Madax involved a nonresident defendant who specifically contracted with a Florida moving company to move goods within this state. Accordingly, we hold that the complaint failed to allege sufficient minimum contacts with the State of Florida to justify the acquisition of jurisdiction over the Society. See Lakewood Pipe of Texas, Inc. v. Rubaii, 379 So.2d 475 (Fla.2d DCA 1979).
AFFIRMED.
SCHEB, J., and RAWLINS, ROBERT W., Jr., Associate Judge, concur.