500 So.2d 642 (1986)
AMERICAN VISION CENTER, INC. a Foreign Corporation, Appellant,
v.
NATIONAL YELLOW PAGES DIRECTORY SERVICE, INC., a Florida Corporation, Appellee.
No. 86-2001.
District Court of Appeal of Florida, Second District.
December 30, 1986.
*643 Michael S. Smith of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellant.
Jawdet I. Rubaii, Clearwater, for appellee.
SCHEB, Acting Chief Judge.
This is an appeal from the trial court's denial of a motion to dismiss a complaint for lack of jurisdiction over the defendant. We have jurisdiction under Florida Rule of Appellate Procedure 9.130(3)(C)(i).
In its amended complaint, National Yellow Pages Directory Service, Inc. (National Yellow Pages) alleged that American Vision Center, Inc. (A.V.C.), a New York corporation, failed to pay for certain advertising it purchased from National Yellow Pages. National Yellow Pages claimed that A.V.C. operated, conducted, engaged in, or carried on a business or business venture in Florida and entered into a contract with it whereby National Yellow Pages as agent for A.V.C. agreed to place advertising for A.V.C. from National Yellow Page's facilities in the State of Florida. The contract required A.V.C. to make all payments to National Yellow Pages in Florida. National Yellow Pages further alleged that A.V.C. sent at least 144 checks to it in Florida in continuous business transactions over a period exceeding three years.
National Yellow Pages sought to obtain jurisdiction over A.V.C. pursuant to the provisions of section 48.193(1)(g), Florida Statutes (1985). A.V.C. filed a motion to dismiss for lack of jurisdiction. Each party filed an affidavit in support of its position. The trial court denied the motion, concluding that the amended complaint and affidavits demonstrated that A.V.C. was subject to jurisdiction under the statute.
A determination of whether personal jurisdiction can be properly acquired over a foreign corporation involves a dual inquiry. See Ford Motor Co. v. Atwood Vacuum Machine Co., 392 So.2d 1305 (Fla. 1981), cert. denied, 452 U.S. 901, 101 S.Ct. 3024, 69 L.Ed.2d 401 (1981); Lakewood Pipe of Texas, Inc. v. Rubaii, 379 So.2d 475 (Fla. 2d DCA 1979). First, the requirements of Florida's long-arm statute must be properly alleged. Second, jurisdiction still does not exist unless the defendant has sufficient "minimum contacts" with the state to satisfy due process requirements. Lakewood Pipe.
Florida's long-arm statute section 48.193(1)(g) provides that a person is subject to the jurisdiction of the courts of this state if he breaches "a contract in this state by failing to perform acts required by the contract to be performed in this state." A.V.C. admits that compliance with this section has been adequately alleged by National Yellow Pages. Yet, it argues that the Florida court is without personal jurisdiction because the requisite "minimum contacts" of A.V.C. with the forum state do not exist.
In order for a party to have had the requisite contacts, it must have purposely availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of the laws of that state. Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). As expressed by the United States Supreme Court, a defendant's conduct and connection with the forum state must be such that the defendant should reasonably anticipate being haled into court there. Worldwide Volkswagen *644 Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
National Yellow Pages claims that the facts in the recent United States Supreme Court case of Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), "fit the facts in this case like a glove." We disagree.
In that case Burger King Corporation, a Florida corporation with principal offices in Miami, brought suit in the United States District Court for the Southern District of Florida against its franchisees, Michigan residents, for an alleged breach of contract. The governing contracts provided that the franchise relationship was established in Miami and governed by Florida law. The contracts also provided for payment of all required fees and forwarding of all relevant notices to the Miami headquarters. The Michigan franchisees fell behind in their monthly payments to Miami and Burger King's Miami office sent them notice of default. After prolonged, unsuccessful negotiations, Burger King's Miami headquarters terminated the franchise and ordered the franchisees to vacate the premises. The franchisees refused to do so, and Burger King's suit ensued in the federal district court which held that the defendants were subject to personal jurisdiction in Florida and subsequently entered a judgment for Burger King. The Eleventh Circuit Court of Appeal reversed the district court's decision in Burger King Corp. v. MacShara, 724 F.2d 1505 (11th Cir.1984).
On certiorari, the United States Supreme Court reversed and said that the parties' prior negotiations and contemplated future consequences, the terms of the contract, and the parties' actual course of dealing must be evaluated in determining whether a defendant purposefully establishes minimum contacts within a forum sufficient to establish jurisdiction over the defendant. Burger King Corp. v. Rudzewicz, 471 U.S. at 479, 105 S.Ct. at 2186, 85 L.Ed.2d at 545. The Supreme Court noted that an individual's contract with an out-of-state party alone could not automatically establish the sufficient minimum contacts in the other party's forum. Burger King Corp., 471 U.S. at 477, 105 S.Ct. at 2185, 85 L.Ed.2d at 545. However, in Burger King Corp., particularly in light of a provision in the franchise documents which provided all disputes would be governed by Florida law, the Supreme Court held that the federal district court in Florida properly exercised jurisdiction pursuant to section 48.193(1)(g) over the Michigan franchisees.
Although Burger King Corp. v. Rudzewicz lends some support to the trial court's determination that Florida had personal jurisdiction over A.V.C., an important distinction between these two cases exist. Unlike the contracts in Burger King Corp., the agreement here did not stipulate that Florida law governed any dispute between the parties. Moreover, although A.V.C. apparently sent its payments to Florida, the billing sheets for A.V.C. do not indicate, and no evidence was presented, that any of the advertisements were for Florida directories or that the scope of A.V.C.'s business operations included Florida. Neither National Yellow Pages' amended complaint nor the affidavit filed in support of the complaint alleged ultimate facts to support its conclusion that A.V.C. conducted business in Florida. Furthermore, National Yellow Pages never contradicted a statement in an affidavit by A.V.C.'s secretary that A.V.C. never had an office or agency in Florida and had never engaged in business in Florida.
From the affidavits of both parties it appears that National Yellow Pages was primarily a brokerage organization which placed orders for advertisements in non-Florida areas. Therefore, A.V.C. did not purposely avail itself of the privilege of conducting business in Florida and the only contact between A.V.C. and Florida are the payments it made to National Yellow Pages in Florida. Standing alone, this fact is insufficient to establish minimum contacts with Florida sufficient to justify the acquisition of jurisdiction over A.V.C. See Lakewood Pipe; Osborn v. University Society, Inc., 378 So.2d 873 (Fla. 2d DCA 1979). We do not think that A.V.C.'s conduct *645 and connection with Florida would lead it to reasonably anticipate being haled into court in Florida.
Accordingly, we hold that National Yellow Pages' complaint failed to allege sufficient minimum contacts of A.V.C. within the state of Florida to justify the acquisition of jurisdiction over A.V.C. We reverse the trial court's denial of A.V.C.'s motion to dismiss for lack of jurisdiction and remand for proceedings consistent with this opinion.
RYDER and SCHOONOVER, JJ., concur.