# STATEWIDE COLLECTION CORPORATION v ROSS
## Case No. 86-08060-SP
County Court, Duval County
February 11, 1987

## APPEARANCES OF COUNSEL
**Louis R. Hardin** and **Russell E. Klem** for plaintiff.

**Donald B. Freeman,** Jacksonville Area Legal Aid, Inc., for defendant.

## OPINION OF THE COURT

DAVID C. WIGGINS, County Judge.

This matter came to be heard upon Defendant's Motion to Dismiss. In support of the Motion, Defendant alleges that he lacks the requisite minimum contacts with the State of Florida to be subject to this Court's jurisdiction.

### A. FINDINGS OF FACT:

The Defendant is an out-of-state resident who received an unsolicited offer to obtain a Barnett Bank Mastercard through the mail sometime in the Spring of 1984. He completed the application and returned it to the appropriate address in Florida. Barnett Bank approved the application and mailed a Mastercard to the Defendant for his use. The conditions of the contract included a provision that required the Defendant to make all payments to Barnett Bank in Jacksonville, Florida. The Defendant used the card and mailed the payments to Florida as required by the contract. The Plaintiff alleges that the Defendant has defaulted on the card agreement.

The Court also finds that the Defendant is seventy-four (74) years old and is in poor health. He is unable to read or write anything other than his name.. The parties stipulate that, aside from mailing the completed credit application form and the monthly payments to the bank, the Defendant has no other contacts with the State of Florida. For the purpose of this motion only, the Defendant does not dispute his jurisdiction under F.S. § 48.193(1)(g).

### B. APPLICABLE LAW:

Resolution of this matter turns upon whether the Defendant has sufficient contacts with the State of Florida to subject him constitutionally to its jurisdiction pursuant to its long arm statute. The test inherently requires this Court to make a subjective determination as to whether the asserted jurisdiction is fair and reasonable under the circumstances. See *Maschinenfabrik Seydelmann v. Altman*, 468 So.2d 286, 289 (Fla. 2d DCA 1985). Such a test is a difficult one to apply requiring a case by case analysis. See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 485-486; 105 S.Ct. 2174, 2189; 85 L.Ed.2d 528, 549 (1985).

It is essential in each case that there be some act by which the defendant purposefully avails himself of the privilege of conducting

**53**

activities within the forum state, thus invoking the benefits and protection of its laws. See *Hanson v. Denckla*, 357 U.S. 235, 253; 78 S. Ct. 1228, 1239-1240; 2 L.Ed.2d 1283, 1298 (1985). Jurisdiction is proper under such circumstances where the contacts result from actions intentionally taken by the defendant which created a substantial connection with the forum state. Even in situations where a defendant has purposefully engaged in activities in the forum state, the minimum requirements inherent in the concept of fair play and substantial justice may defeat the reasonableness of jurisdiction. See *Burger King Corp.*, at 471 U.S. 477-478; 105 S.Ct. 2185; 85 L.Ed.2d 544.

A contractual relationship has been held to be insufficient to satisfy the minimum contacts test in some instances. An individual's contract with an out-of-state party alone cannot automatically establish sufficient contacts in the other party's forum to subject him to that forum's jurisdiction. See *Burger King Corp.* at 471 U.S. 478; 105 S.Ct. 2185; 85 L.Ed.2d 545. Contractual requirements calling for payments to be made in the foreign forum are not always sufficient to create the necessary contacts in that forum. See *American Vision Center, Inc. v. National Yellow Pages Directory Service, Inc.*, 500 So.2d 642 (Fla. 2d DCA 1986) and *Osborn v. University Society*, 378 So.2d 873 (Fla. 2d DCA 1979). The concurring opinion in the case of *National Equipment Leasing, Inc. v. Watkins*, 471 So.2d 1369 (Fla. 5th DCA 1985) (Cowart, J., concurring) noted that:

> A judicial holding that solely by failing to make contractual payments due in any foreign state the payor impliedly consents to submit himself to the jurisdiction of such foreign state and impliedly agrees that it is reasonable to expect him to defend law actions in such foreign state, exceeds the bounds of common sense and reason and of constitutional due process.

*C. CONCLUSION:*

Based upon its review of the case file and the applicable law, this Court finds that there are insufficient contacts in this case which would put the defendant on notice that he may be subject to the jurisdiction of the State of Florida. Even though he may appear to fall within the wording of F.S. § 48.193(1)(g), this Court cannot constitutionally apply the statute to obtain jurisdiction in the absence of the requisite minimum contacts with this state. See *Osborn, supra* at 874. This ruling applies only to the facts of this case and is not to be interpreted to apply to every instance where a nonresident fails to make contractual payments to creditors within this state.

ORDERED AND ADJUDGED that the Defendant's Motion to Dismiss is granted.

54

DONE AND ORDERED at Jacksonville, Duval County, Florida this February 11, 1987.