531 So.2d 428 (1988)
JEFFERSON SAVINGS AND LOAN ASSOCIATION, Appellant,
v.
The GREENMAN GROUP, INC., Appellee.
No. 87-2050.
District Court of Appeal of Florida, Fourth District.
October 5, 1988.
Donald J. Kisslan of Ellis, Spencer, Butler and Kisslan, Hollywood, for appellant.
Howard E. Horowitz of Jacobson and Gottlieb, Hollywood, for appellee.
*429 PER CURIAM.
We affirm the order of the trial court denying appellant's motion to dismiss for lack of jurisdiction over the person. See generally Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); Manrique v. Fabbri, 493 So.2d 437 (Fla. 1986); First National Bank of Kissimmee v. Dunham, 342 So.2d 1021 (Fla. 4th DCA 1977).
We have considered McRae v. J.D./M.D., Inc., 511 So.2d 540 (Fla. 1987), but do not find it controlling because in this case the court has in personam jurisdiction under Section 48.193(1)(g), Florida Statutes (1987). See First National Bank of Kissimmee v. Dunham; Unger v. Publisher Entry Service, Inc., 513 So.2d 674 (Fla. 5th DCA 1987), rev. denied, 520 So.2d 586 (Fla. 1988); Engineered Storage Systems, Inc. v. National Partitions & Interiors, Inc., 415 So.2d 114 (Fla. 3d DCA 1982); Professional Patient Transportation, Inc. v. Fink, 365 So.2d 209 (Fla. 3d DCA 1978).
The order of the trial court is supported by the parties' agreement that payment for appellee's services would be made in Florida and that Florida would have jurisdiction over any contractual disputes. The appellant should reasonably have anticipated being haled into court in this state. Cf. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
DOWNEY, ANSTEAD and STONE, JJ., concur.