533 So.2d 920 (1988)
Hany ARMALY, Appellant,
v.
PRACTICE MANAGEMENT ASSOCIATES, INC., Appellee.
No. 88-1252.
District Court of Appeal of Florida, Second District.
November 16, 1988.
*921 Frederick A. Higham, Jr. of DiVito & Higham, P.A., St. Petersburg, for appellant.
David A. Wolfson of David A. Wolfson, P.A., Madiera Beach, for appellee.
LEHAN, Judge.
This is an appeal from an order denying the out-of-state defendant's motion to dismiss for lack of personal jurisdiction. We affirm.
Plaintiff, a Florida corporation located and doing business in Pinellas County, contracted with defendant, a resident of South Carolina, for the performance by plaintiff of consulting services for defendant. This suit is for payment for those services. The written contract entered into between the parties included provisions that "the parties agree that the laws of the State of Florida shall govern this contract and any interpretations or construction thereof" and that "the exclusive venue and the court having jurisdiction shall be Pinellas County, Florida." The contract also provided that defendant would send certain weekly reports to plaintiff's office. It is alleged that plaintiff's sole office was in Pinellas County. The contract obligated defendant to pay plaintiff certain sums in exchange for plaintiff's services. Since no place of payment was specifically designated, the effect of the contract was that the place of payment was the Florida office of plaintiff. See Madax Int'l Corp. v. Delcher Intercontinental Moving Services, Inc., 342 So.2d 1082, 1084 (Fla. 2d DCA 1977); James A. Knowles, Inc. v. Imperial Lumber Co., 238 So.2d 487 (Fla. 2d DCA 1970).
The jurisdictional prerequisites of section 48.193(1)(g), Florida Statutes (1987), were fulfilled in that the complaint contains allegations to the effect that, in the words of that statute, defendant breached "a contract in this state by failing to perform acts required by the contract to be performed in this state," to wit, defendant's alleged failure to pay plaintiff in Florida. See Madax. Compare McRae v. J.D./M.D., Inc., 511 So.2d 540, 542 n. 2 (Fla. 1987); Vaughn v. AAA Employment, Inc., 511 So.2d 1045, 1046 (Fla. 2d DCA 1987) (in cases involving contracts which do not call for payment in Florida or to a Florida plaintiff, a unilateral demand by a Florida plaintiff that an out of state defendant send payment to plaintiff in Florida is insufficient to vest personal jurisdiction in Florida).
We do not agree with defendant's argument that Osborn v. University Society, Inc., 378 So.2d 873 (Fla. 2d DCA 1979), requires a different result. While Osborn, in contrast to Madax, holds that fulfillment of the prerequisites of section 48.193(1)(g) is not enough by itself to vest personal jurisdiction in Florida, Osborn supports the result we reach here. In Osborn there was found to be, from only the fulfillment of those statutory prerequisites, no fulfillment of the constitutional requirement that "maintenance of the suit does not offend `traditional notions of fair play and substantial *922 justice.' International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945)." Id. at 874. (That constitutional requirement has been described more recently by the U.S. Supreme Court as being that in order to justify personal jurisdiction the circumstances must be such that defendant "should reasonably anticipate being haled into court" in the state asserting personal jurisdiction over him. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490, 501 (1980).) On the other hand, in this case not only were the section 48.193(1)(g) prerequisites fulfilled by the contract in effect requiring defendant to pay plaintiff in Florida, but also the contract called for defendant to provide regular weekly reports to plaintiff in Florida and specifically provided for its interpretation under Florida law as well as for jurisdiction and venue in Florida. While a contractual provision specifically providing for the application of Florida law is not sufficient by itself to vest jurisdiction, such a provision is a particular factor in favor of Florida personal jurisdiction over a party to the contract. See American Vision Center, Inc. v. National Yellow Pages Directory Service, Inc., 500 So.2d 642, 644 (Fla. 2d DCA 1986) (citing and quoting from Burger King Corp. v. Rudzewicz, 471 U.S. 462, 482, 105 S.Ct. 2174, 2187, 85 L.Ed.2d 528, 547 (1985)). Also, while a contractual provision specifically providing for jurisdiction in Florida is not sufficient by itself to vest jurisdiction, such a provision is another factor to be weighed in favor of Florida jurisdiction. See McRae, 511 So.2d at 544 (while "a contractual choice of forum clause designating Florida as the forum cannot serve as the sole basis for asserting in personam jurisdiction," such a clause may be a factor "when there exists an independent basis for a Florida court to assert jurisdiction").
In this case, the aspect found to be lacking in Osborn exists by virtue of the contract providing for Florida jurisdiction and for contractual interpretation under Florida law. Under these circumstances we conclude that the defendant should, as required by World-Wide Volkswagen, reasonably have anticipated being haled into court in Florida for breach of the contract. In addition, in this case the aspect found to be lacking in McRae exists by virtue of the fulfillment of the prerequisites of section 48.193(1)(g).
Thus, we agree with Jefferson Savings & Loan Ass'n v. Greenman Group, Inc., 531 So.2d 428 (Fla. 4th DCA 1988) which upheld Florida jurisdiction over a dispute apparently involving a breach of a contract in which the parties had agreed to Florida jurisdiction and the prerequisites of section 48.193(1)(g) had been fulfilled. Furthermore, in this case, as we have said, the factors justifying Florida jurisdiction additionally include the contract providing for weekly reports by defendant to plaintiff in Florida.
AFFIRMED.
RYDER, A.C.J., and DANAHY, J., concur.