**VERDE CAPITAL CORP., Plaintiff,**

v.

**LAUSELL ALUMINUM JALOUSIES, INC., Lausell Commercial, Inc., Systems Concept International, Inc., Transglobe Manufacturing Corpora-**

tion, **D.G.S.T. Two, Inc., Ariel Gutierrez and Enrique Gutierrez, Defendants. (Two Cases)**

**VERDE CAPITAL CORPORATION, INC., Plaintiff,**

v.

**MICKEY'S LANDSCAPING AND MAINTENANCE, INC., Defendant.**

**Nos. 89–0279–CIV, 89–0321–CIV and 89–0378–CIV.**

United States District Court, S.D. Florida.

Dec. 13, 1989.

---

Richard O'Brien III, Miami, Fla., for plaintiff.

Sara Soto, Miami, Fla., for Transglobe Mfg.

Michael Shannon, Miami, Fla., for defendants.

## ORDER

SCOTT, District Judge.

The Court has considered these cases together because of the similarity of facts alleged for the purpose of deciding Defendants' Motions to Dismiss for lack of personal jurisdiction. We have permitted the parties to conduct discovery on the issue and submit supplementary memoranda at the close of discovery. Having reviewed in detail all materials submitted by counsel, the Court is prepared to decide the motions.

■ In all three cases, Plaintiff has alleged that Defendants failed to make payments on loans due to be paid in Florida. That allegation may suffice under the Florida long-arm statute. Fla.Stat. § 48.193.(1)(g) ("Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state."). However, standing alone, a promise to make payments in the forum state does not constitute minimum contacts and therefore does not comport with the due process clause. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *American Vision Center v. National Yellow Pages Directory Services, Inc.*, 500 So.2d 642, 644 (Fla. 2d DCA 1986); *National Equipment Leasing, Inc. v. Watkins*, 471 So.2d 1369 (Fla. 5th DCA 1985).

Plaintiff has further alleged that Defendants have subjected themselves to jurisdiction in Florida through their agent, Ariel Gutierrez, who solicited the loans from Plaintiff. Defendants deny that Gutierrez was their agent. In his affidavit, Gutierrez expressly stated that he met with Plaintiff on behalf of Defendant Transglobe Manufacturing Corporation. Gutierrez was President of Transglobe at the time of the negotiations. Thus, Gutierrez's actions should be imputed to Defendant Transglobe for the purpose of determining personal jurisdiction.

■ As to the remaining Defendants, however, Gutierrez has denied any basis for an agency relationship at the time of his venture into Florida to solicit the loans from Plaintiff. Plaintiff has not come forward with any record evidence to rebut this point. Rather, Plaintiff claims that by entering into the loan agreements, Defendants ratified Gutierrez's conduct and thereby subjected themselves to jurisdiction in Florida.

The mere signing of the loan agreements could not subject Defendants to jurisdiction in Florida, however. "To be considered an agent for jurisdictional purposes, the alleged agent must have acted in the state for the benefit of, and with the *knowledge and consent* of the nonresident principal" *CutCo Industries, Inc. v. Naughton*, 806 F.2d 361 (2d Cir.1986) (emphasis added). Plaintiff has actually admitted that Defendants lacked knowledge of Guttierez's activities until he returned to Puerto Rico.

Therefore, the Court concludes that although we may have jurisdiction over Defendant Transglobe Manufacturing Inc., we lack jurisdiction over Defendant Mickey's, Lausell Aluminum and Lausell Commercial. Defendants Lausell Aluminum and Lausell Commercial have moved pursuant to 28 U.S.C. § 1404(a) to transfer these actions to the District of Puerto Rico. Most of the witnesses reside in Puerto Rico and much of the evidence is located there. These cases have already been consolidated for purposes of discovery. Under these circumstances, in the interests of justice and for the conveniences of the parties and witnesses, we find that transfer is a better course than dismissal.

Accordingly, the Motions to Dismiss are DENIED and the Motion to Transfer to the District of Puerto Rico is GRANTED.

These cases are CLOSED for all administrative purposes.