687 So.2d 286 (1997)
VACATION VENTURES, INC., Appellant,
v.
HOLIDAY PROMOTIONS, INC., Appellee.
No. 96-1084.
District Court of Appeal of Florida, Fifth District.
January 17, 1997.
*287 Lilburn R. Railey, III and Mary M. Wills of Mathews Railey DeCubellis & Goodwin, P.A., Orlando, for Appellant.
Thomas R. Harbert, Michael A. Paasch and John C. Alvarez of Mateer & Harbert, P.A., Orlando, for Appellee.
COBB, Judge.
Vacation Ventures, Inc. (VVI), appeals from a final order dismissing its complaint against Holiday Promotions, Inc. (Holiday) due to lack of in personam jurisdiction.
VVI is a Florida corporation with its principal offices in Orange County, Florida. Holiday is a Canadian corporation located in Ontario, Canada. VVI is a registered seller of travel services and provides travel packages to businesses for use in consumer promotions and employee incentive programs. In 1992, the parties executed a purchase agreement for the sale of travel vouchers by VVI to Holiday. Holiday from time to time placed orders with VVI pursuant to the purchase agreement for travel certificates. Holiday made payments to VVI for the travel certificates by mailing its corporate check to VVI's Florida office.
VVI filed suit against Holiday in Orange County circuit court seeking to recover $27,565.76 allegedly owed by Holiday pursuant to the purchase agreement. Causes of action for breach of contract, account stated and open account were asserted. Attached to the complaint as exhibits are a copy of the purchase agreement as well as copies of ten allegedly unpaid invoices. VVI alleged that payment was payable in Orange County, Florida. Holiday filed an answer and affirmative defenses and denied, inter alia, that payment was due in Orange County, Florida.
With respect to payment, the purchase agreement provides at paragraph 3(a):
Manner and Payment of Shipments. All shipments will be made directly to purchaser with payment to be made either (1) based upon prepayment in full for all certificates ordered, including shipping charges, in the form of a cashier's check or money order; or (ii) on a C.O.D. basis with payment made to the shipper, and payable to VVI, in the form of a cashier's check or money order. Any variance from this procedure must be approved in writing by an authorized officer of VVI.
The only payment terms appearing on the invoices provide that payment is due on receipt of the invoice. The invoices do not specify where payment is to be made.
Paragraph 5(b) of the purchase agreement contains the following "consent to jurisdiction" provision:
Purchaser consents, agrees and stipulates that (i) this Agreement shall be deemed fully executed and performed in the State of Florida and shall be governed by and construed in accordance with the laws thereof; (ii) in any action, proceeding, or appeal of any matter related to or arising out of this Agreement, Purchaser shall be subject to the personal jurisdiction of the State of Florida or any state selected by VVI or its assignee; (iii) Purchaser shall accept venue in any federal or state court selected by VVI; and (iv) Purchaser expressly waives any right to a trial by jury.
Holiday additionally asserted in its answer and affirmative defenses that the trial court lacked in personam jurisdiction over it under the Florida long-arm statute and that Holiday lacked sufficient minimum contacts with Florida to satisfy constitutional due process requirements. Finally, Holiday denied that any amounts were owed to VVI. VVI replied to the affirmative defenses by asserting that by way of the forum selection clause contained in the purchase agreement, Holiday had waived any right to object to personal jurisdiction over it by the Florida court and *288 had submitted itself to the state's jurisdiction.
Holiday moved to dismiss on the basis of lack of in personam jurisdiction. Holiday asserted that a forum selection clause alone does not satisfy Florida's long arm statute and claimed that it lacked sufficient minimum contacts with Florida. Holiday attached to its motion the affidavits of two of its employees, Shouldice and Cubitt. According to these affidavits, the purchase agreement was executed by Holiday at its Ontario office, which was its only place of business. At no time did any agent of Holiday ever travel to Florida for the purpose of negotiating or executing the agreement. Shouldice averred that:
5. HOLIDAY marketed its products and services exclusively in Canada and never transacted business in Florida or in the United States of America. HOLIDAY has never maintained an office in Florida nor owned any real property in Florida.
6. HOLIDAY has never maintained a bank account in Florida, a post office box in Florida, a telephone number in Florida or a mail drop in Florida.
7. At all times during the term of the above-referenced agreement, all of the travel vouchers at issue in this litigation were delivered to HOLIDAY in Canada. HOLIDAY never traveled to Florida to pick up such vouchers.
No counter-affidavit was filed by VVI.
Following a hearing on the motion to dismiss, the trial court entered an order dismissing the action, giving rise to this appeal.
In determining whether jurisdiction over an out of state defendant is appropriate in a given case, the court must first determine whether the complaint alleges sufficient jurisdictional facts to bring the action within the Florida long-arm statute. If so, the court must next determine whether Florida can constitutionally exercise jurisdiction over the defendant. This constitutional inquiry itself involves a two prong analysis: first, whether the defendant has sufficient minimum contacts with Florida to allow Florida, consistent with due process, to assert jurisdiction over the defendant and second, whether such assertion of jurisdiction would offend traditional notions of fair play and substantial justice. Magic Pan International, Inc. v. Colonial Promenade, 605 So.2d 563 (Fla. 5th DCA 1992). See also Venetian Salami Co.v. Parthenais, 554 So.2d 499 (Fla. 1989).

(A) DOES VVI'S COMPLAINT SATISFY THE REQUIREMENTS OF FLORIDA'S LONG-ARM STATUTE?
This case involves a forum selection clause whereby Holiday consented to the personal jurisdiction of the Florida courts or any state selected by VVI concerning any action arising out of the purchase agreement. In McRae v. J.D./M.D., Inc., 511 So.2d 540 (Fla.1987), the supreme court held that a forum selection clause alone cannot operate as the sole basis to exercise personal jurisdiction over a non-resident defendant. The clause in question provided that suit on the contract would be brought in Florida. The court explained that the legislature has set forth in the long-arm statute the policy of this state concerning when Florida courts can exercise in personam jurisdiction over non-resident defendants and that "conspicuously absent from the long-arm statute is any provision for submission to in personam jurisdiction merely by contractual agreement." 511 So.2d at 543. Rather, a forum selection provision can be enforced only after an independent basis is established for the Florida court to exercise in personam jurisdiction over the objecting, non-resident defendant. In McRae, the defendant had engaged in none of the acts set forth in section 48.193 so its motion to quash service should have been granted.
Florida's long-arm statute, section 48.193, Florida Statutes, sets forth specific acts subjecting a non-resident defendant to the jurisdiction of the courts of this state. VVI alleged in its complaint that Holiday failed to pay amounts due to it and that "All amounts due and owing were payable in Orlando, Orange County, Florida." VVI points out that subsection 48.193(1)(g) provides for the assertion of jurisdiction over a non-resident defendant for "breaching a contract in this state by failing to perform acts required *289 by the contract to be performed in this state."
Holiday initially counters that subsection (1)(g) speaks of "acts required by the contract to be performed in this state" and that the purchase agreement and invoices attached to the complaint contemplated that payment was permissible in Florida but there was no contractual obligation requiring Holiday to make payment in Florida. Holiday additionally asserts that VVI failed to bring forth any sworn proof in support of long-arm jurisdiction to counter Holiday's affidavits contesting jurisdiction.
In Hewitt v. Taffee, 673 So.2d 929 (Fla. 5th DCA 1996), this court explained that the filing of a motion to dismiss on grounds of lack of personal jurisdiction raises the legal sufficiency of the complaint. Once the defendant files supporting affidavits contesting the allegations of the complaint or asserting lack of minimum contacts, the burden shifts to the plaintiff, to prove by affidavit, the basis upon which jurisdiction may be obtained. Accord Walt Disney Co. v. Nelson, 677 So.2d 400 (Fla. 5th DCA 1996); Holton v. Prosperity Bank of St. Augustine, 602 So.2d 659 (Fla. 5th DCA 1992).
Subsection 48.193(1)(g) is based upon the premise that refusal to make contractually required payments in Florida causes foreseeable injury in Florida. See High Country Insurance Agency v. Administrative Management Services Syndicate, Ltd., 549 So.2d 776 (Fla. 3d DCA 1989). Neither party argues that payment was required by the contract to be made in Canada. Holiday's argument, that the purchase agreement and invoices contemplate that payment is permissible in Florida but that it is not contractually required, is at best an implicit concession that the agreement is silent as to the place of payment. It is well settled that the legal presumption that a debt is to be paid at the creditor's place of business in the absence of an express designation of the place of payment is sufficient to satisfy the language in 48.193(1)(g) that refers to contractual acts "required" to be performed in Florida. See Kane v. American Bank of Merritt Island, 449 So.2d 974 (Fla. 5th DCA 1984). See also Unger v. Publisher Entry Service, Inc., 513 So.2d 674 (Fla. 5th DCA 1987), rev. denied, 520 So.2d 586 (Fla.1988); Laser Electrical Contractors, Inc. v. C.E.S. Industries, Inc., 573 So.2d 1081 (Fla. 4th DCA 1991).
The jurisdictional allegations of the complaint, in alleging that "All amounts due and owing were payable in Orlando, Orange County," when considered in connection with the language of the purchase agreement, is legally sufficient to allege personal jurisdiction under subsection 48.193(1)(g). Laser Electric. However, even though Holiday comes within the nominal reach of the longarm statute, it may still challenge jurisdiction on constitutional grounds. Kane.

(B) DID VVI ESTABLISH THAT HOLIDAY HAD MINIMUM CONTACTS WITH FLORIDA SUFFICIENT TO SATISFY CONSTITUTIONAL DUE PROCESS?
As noted above, a defendant must have certain minimum contacts with Florida to satisfy due process requirements. The constitutional touchstone of the minimum contacts analysis is whether "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528, 542 (1985); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490, 501 (1980). A defendant who wishes to raise a contention of lack of minimum contacts must, as Holiday did here, file supporting affidavits. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989); Hewitt v. Taffee. If the defendant's affidavit refutes the jurisdictional allegations in the complaint then the burden shifts to the plaintiff to prove by affidavit the basis for jurisdiction. See Tobacco Merchants Ass'n v. Broin, 657 So.2d 939 (Fla. 3d DCA 1995).
Holiday's affidavits aver that: (1) Holiday's sole place of business in Ontario, Canada, (2) the purchase agreement was executed by Holiday in Canada and at no time did any representative of Holiday ever travel to Florida for the purpose of negotiating or executing the agreement, (3) Holiday markets *290 its products exclusively in Canada and never transacted business in Florida or in the United States, (4) Holiday has never maintained an office in Florida, (5) all of the travel vouchers at issue in the litigation were delivered to Holiday in Canada, and (6) Holiday did make payments to VVI by mailing its corporate check to VVI. Clearly by these affidavits Holiday sought to show that it has not availed itself of the privilege of conducting business in Florida and thus lacked minimum contacts with this state. Compare Industrial Cas. Ins. Co. v. Consultant Associates, Inc., 603 So.2d 1355 (Fla. 3d DCA 1992).
VVI, which filed no counter-affidavits, argues that Holiday's affidavits need not be considered because the defendant's failure to make payments due in Florida, together with the contractual agreement consenting to Florida jurisdiction, satisfy as a matter of law constitutional due process for the assertion of personal jurisdiction. VVI relies on Armaly v. Practice Management Associates, Inc., 533 So.2d 920 (Fla. 2d DCA 1988) and Jefferson Savings and Loan Ass'n v. Greenman Group, Inc., 531 So.2d 428 (Fla. 4th DCA 1988).
In Armaly, the Second District affirmed the trial court's ruling that Florida courts had personal jurisdiction over a South Carolina defendant. The plaintiff, a Pinellas County corporation, had contracted with the defendant for the performance by the plaintiff of consulting services for the defendant. The plaintiff sued for non-payment and the contract contained a choice of forum clause recognizing that the law of Florida would govern and that exclusive jurisdiction would be in Pinellas County, Florida. The contract additionally provided that the defendant would send weekly reports to the plaintiff's Pinellas County office. No place of payment was designated so that the place of payment would be at the Florida office of the plaintiff creditor.
The appellate court noted that the prerequisites of subsection 48.193(1)(g) were fulfilled and went on to consider the constitutional requisites for personal jurisdiction. The court held that the necessary minimum contacts were present because the contract: (1) called for the defendant to provide regular weekly reports to the plaintiff in Florida, and (2) specifically provided for its interpretation under Florida law as well as for exclusive jurisdiction in Florida.
The Armaly court contrasted the case before it with its earlier decision in Osborn v. University Society, Inc., 378 So.2d 873 (Fla. 2d DCA 1979) where the constitutional requisites were not found. The court explained in Osborn that the execution of a contract with a Florida resident does not establish sufficient minimum contacts even where the defendant's failure to pay falls within the wording of subsection 48.193(1)(g), Florida Statutes. Accord Holton v. Prosperity Bank.
The obvious distinguishing factors between Armaly and Osborn are: (1) the contractual requirement in Armaly that the defendant provide regular weekly reports to the plaintiff in Florida, and (2) the consent to Florida's jurisdiction provision contained in the contract. It was these factors, the Armaly court found, that gave the non-resident defendant sufficient minimum contacts with this state.
Jefferson Savings & Loan is more closely on point. There, the Fourth District affirmed the denial of the defendant's motion to dismiss for lack of personal jurisdiction. The court observed that the parties had contractually agreed that payment would be made in Florida and that Florida would have jurisdiction over any contractual dispute. It is unclear from the opinion whether this was exclusive jurisdiction or not. The court explained that the defendant "should reasonably have anticipated being haled into court in this state." 531 So.2d at 429. The court distinguished McRae v. J.D./M.D. on the basis that in the case before it, unlike in McRae, the court had in personam jurisdiction under the long-arm statute.
The instant case is more analogous to Armaly and to Jefferson Savings & Loan than to Osborn. As pointed out by VVI in its brief, the following facts are undisputed:
1. Plaintiff is a Florida corporation with its principal offices located in Florida;

*291 2. Defendant entered into a contract with Plaintiff to purchase from Plaintiff travel certificates, some of which provided for services to be rendered in Florida;
3. The contract between the parties contained a consent to Florida law, venue, and jurisdiction in the event of subsequent litigation;
4. Pursuant to the contract and the parties' course of dealing, payment from Defendant was due in Florida and payments were in fact made in Florida prior to the alleged default;
5. Pursuant to the contract, Defendant agreed to provide certain documentation to Plaintiff in Florida.
We find that both the Florida long-arm statute and the requirements of constitutional due process were satisfied in this case by VVI.
REVERSED AND REMANDED.
DAUKSCH, J., concurs.
HARRIS, J., dissents with opinion.
HARRIS, Judge, dissenting.
While I agree with the majority's analysis of the law, I respectfully disagree with its conclusion that the complaint alleged sufficient jurisdictional facts to bring the action within Florida's long-arm statute. Although there is a legal presumption that a debt is to be paid at the creditor's place of business in the absence of an express designation of the place for payment in the contract, in this case there is such an express provision.
Since the payment provision is set out in the majority opinion, I will not repeat it. It is apparent, however, that the "Manner and Payment of Shipments" provision of the agreement contemplates two independent alternatives. The first alternative was that the purchaser could prepay the contract price in Florida and the merchandise would then be sent without restriction. Clearly this alternative was not chosen as it relates to the claimed debt reflected by the contested invoices in this case. The second alternative (and the only other contract alternative) was that the merchandise would be sent without prepayment but the purchaser would be required to pay the seller's agent, the shipper, in Canada upon receipt of the merchandise. Since it is alleged in the complaint that these payments were not made, then under the contract the breach occurred in Canada.
The bare allegation in the complaint that the "amounts due and owing were payable in... Florida" is therefore contrary to the terms of the contract which was attached to the complaint making such pleading inadequate to meet the requirement of the longarm statute being relied onthat the defendant breached the contract in Florida by failing to "perform acts required by the contract to be performed in this state." See Hollywood Lakes Section Civic Association, Inc. v. City of Hollywood, 676 So.2d 500, 501 (Fla. 4th DCA 1996) (if attached exhibits negated the allegations of the complaint, the plain language of the attachment would control); See also Rolling Oaks Homeowner's Association, Inc. v. Dade County, 492 So.2d 686, (Fla. 3d DCA 1986) (exhibits attached to pleadings contradicted the allegations of the complaint, and so the count failed to state a cause of action).
While it is true that the "cash on delivery" requirement of the contract could be varied by the written approval by an authorized officer of Plaintiff, there is no evidence in this record and no allegation in the complaint that any such written approval was ever given. Nor, in my view, does the fact that merchandise was sent in contravention of the requirement that payment to the seller's agent be made upon delivery amend that express condition of the contract as it relates to a long-arm analysis.