695 So.2d 811 (1997)
DOLPHIN AVIATION, INC., a Florida corporation, Appellant,
v.
HIGH COUNTRY HELICOPTERS, INC., a foreign corporation, and Richard Dick, Appellees.
No. 96-4156.
District Court of Appeal of Florida, Second District.
May 23, 1997.
Rehearing Denied June 18, 1997.
*812 Susan J. Silverman, Sarasota, for Appellant.
Mark A. Gruwell of Law Offices of Mark A. Gruwell, Sarasota, for Appellees.
WHATLEY, Judge.
Dolphin Aviation, Inc., appeals from a final order dismissing its complaint against the appellees, High Country Helicopters, Inc. and Richard Dick, with prejudice for lack of long-arm jurisdiction. We reverse.
Dolphin leased a helicopter to High Country, and Dick signed the lease as a personal guarantor. High Country is a foreign corporation with its principal place of business in Colorado, and Dick is a resident of Colorado. The lease was executed by Dolphin in Florida and by High Country and Dick in Colorado. The helicopter was delivered to High Country in Colorado.
Dolphin filed a complaint against High Country and Dick in Manatee County, Florida, alleging that High Country breached the lease by failing to make payments due under the lease and that Dick was liable for the payments based on his guarantee. High Country and Dick filed a motion to dismiss the complaint alleging that Dolphin failed to sufficiently allege the basis for service as required by the language of the long-arm statute, section 48.193, Florida Statutes (1995). In support of the motion to dismiss, High Country and Dick filed affidavits asserting that they have no offices in Florida, conduct no business in Florida, own no property in Florida, and otherwise have committed no acts in Florida that would subject them to the jurisdiction of the State of Florida.
We conclude that the following two reasons, taken together, confer long-arm jurisdiction over High Country and Dick. First, the lease contains a forum selection clause that provides that it would be governed by the laws of Florida and that any litigation arising directly or indirectly from the lease would be litigated in Florida. It further provided that execution of the lease and performance of its obligations constitute doing business in Florida for purposes of long-arm jurisdiction. Second, the lease states that payments were to be made to Dolphin at its office in Sarasota, Florida.
The first amended complaint could have been more succinct. Nevertheless, it alleged the lease conferred jurisdiction and venue in Florida and that lease payments were made to Dolphin until default. A copy of the lease was attached to the first amended complaint. In their affidavits, High Country and Dick did not rebut Dolphin's allegations or the language of the lease regarding the forum selection clause or the place of payments.
Vacation Ventures, Inc. v. Holiday Promotions, Inc., 687 So.2d 286 (Fla. 5th DCA 1997), is similar to the present case. In both cases, the plaintiff was a Florida corporation with its principal place of business in Florida; the agreement between the parties contained a forum selection clause; and payments from the debtor were due in Florida and the payments *813 prior to default were made in Florida. In Vacation Ventures, the Fifth District held that the allegation that payments under the contract were to be made in Florida, when considered in connection with the forum selection clause, was legally sufficient to allege personal jurisdiction. 687 So.2d at 289. See Jefferson Sav. & Loan Ass'n v. Greenman Group, Inc., 531 So.2d 428 (Fla. 4th DCA 1988).
In addition, we conclude that High Country and Dick had sufficient minimum contacts with Florida to satisfy due process requirements. In Vacation Ventures, the Fifth District noted that: "The constitutional touchstone of the minimum contacts analysis is whether `the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there.'" 687 So.2d at 289 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985)). Clearly, High Country and Dick should have reasonably anticipated litigation in Florida if a dispute arose under the lease.
Based on the foregoing, we reverse the order dismissing the first amended complaint with prejudice and direct the trial court to reinstate that complaint.
LAZZARA, A.C.J., and NORTHCUTT, J., concur.