529 S.E.2d 283

**SECURITY CREDIT LEASING, INC., a Florida Corporation, Respondent,**

v.

**Abed N. ARMALY, individually and d/b/a Famous Pizza Restaurant, Appellant.**

**No. 3129.**

Court of Appeals of South Carolina.

Heard Jan. 13, 2000.

Decided March 6, 2000.

Rehearing Denied May 13, 2000.

536

Bradford N. Martin, of Leatherwood, Walker, Todd & Mann, of Greenville, for Appellant.

Charles W. Emory, Jr., of Nexsen, Pruet, Jacobs & Pollard, of Greenville, for Respondent.

HOWARD, Judge:

Abed N. Armaly appeals the enforcement in South Carolina of a Florida default judgment based on the foreign court's lack of personal jurisdiction. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

Armaly owns a restaurant in Spartanburg, South Carolina. A representative of Security Credit Leasing, Inc., a Florida corporation, approached Armaly at his restaurant in December of 1996 to solicit business. Armaly entered into a four-year lease with Security Credit for video surveillance equipment. The two-page lease contains an "Applicable Law and Venue" clause which provides:

> You agree that you are applying to and arranging this Lease with us in accordance with the Laws of the State of Florida. You agree to submit yourself and any and all guarantors of this Lease to the subject matter jurisdiction of the Courts of the State of Florida in the event it is necessary to seek enforcement in a court of law due to any breach. You also agree that venue and personal jurisdiction shall be proper solely in Hillsborough County, Florida where we are headquartered.

Soon after installation of the surveillance system, Armaly requested that Security Credit remove the equipment. Armaly contended he was promised surveillance twenty-four hours a day, but instead received surveillance only ten hours a day. Security Credit removed the equipment per Armaly's request.

Security Credit then brought an action for breach of the lease in Hillsborough County, Florida. A $9,125.19 default judgment in favor of Security Credit was entered on March 2, 1998. The Florida court ruled it had "subject matter jurisdiction of [the] cause and personal jurisdiction of the parties hereto."

Security Credit thereafter filed this action in South Carolina on May 11, 1998 to enforce the Florida judgment. Armaly moved to dismiss on the ground the Florida court lacked personal jurisdiction over him. The trial court denied the motion to dismiss and entered judgment in favor of Security Credit.

## STANDARD OF REVIEW

■ An action to enforce a foreign judgment is an action at law. *See Carson v. Vance*, 326 S.C. 543, 485 S.E.2d 126 (Ct.App.1997). In an action at law, tried by a judge without a jury, the findings of the trial court must be affirmed if there is any evidence to support them. *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E.2d 773 (1976). *Cf. Clark v. Key*, 304 S.C. 497, 405 S.E.2d 599 (1991) (finding the appellate court is bound by the trial court's determination that a non-resident defendant is subject to jurisdiction, unless no evidence exists to support the finding).

## LAW/ANALYSIS

■ Armaly first alleges on appeal that Security Credit could not maintain the proceeding in the lower court to enforce the foreign judgment because Security Credit was a foreign corporation transacting business in this state without a certificate of authority. However, no evidence was presented before the lower court to support this allegation. We find this issue was not properly and fairly raised before the lower court and decline to address it on appeal. *See Strother v. Lexington County Recreation Comm'n*, 332 S.C. 54, 504 S.E.2d 117 (1998).

■ Armaly next contends the "Applicable Law and Venue" clause contained in the lease was unreasonable and unjust. However, consent to jurisdiction clauses are generally presumed valid and enforceable when made at arm's length by sophisticated business entities. *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Armaly merely alleged in his motion to dismiss and supporting affidavit that he did not read the lease provisions. He had an opportunity to read the lease agreement and discover its contents, and is charged with notice of the content of the

contract he signed. *See Moye v. Wilson Motors, Inc.,* 254 S.C. 471, 176 S.E.2d 147 (1970). Armaly offered no compelling evidence to support his allegations. Therefore, we find this argument to be without merit.

■ Armaly's primary contention is that the lower court erred in enforcing the Florida judgment against him in South Carolina and denying his motion to dismiss because the Florida court did not properly exercise personal jurisdiction over him.

■ The Full Faith and Credit Clause provides: "Full Faith and Credit shall be given in each state to the ... judicial proceedings of every other State." U.S. Const. Art. IV, § 1. Thus, in accordance with this mandate, the courts of one state must give such force and effect to a foreign judgment as the judgment would receive in the state where rendered. *Hamilton v. Patterson,* 236 S.C. 487, 115 S.E.2d 68 (1960); *Carson v. Vance,* 326 S.C. 543, 485 S.E.2d 126 (Ct.App. 1997); *Bankers Trust Co. v. Braten,* 317 S.C. 547, 455 S.E.2d 199 (Ct.App.1995).

■ Where a judgment is rendered by a court with jurisdiction of the case and the parties, " 'the full faith and credit clause of the Constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based.' " *Hamilton,* 236 S.C. at 492, 115 S.E.2d at 70 (quoting *Milliken v. Meyer,* 311 U.S. 457, 462, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). However, "[t]he Full Faith and Credit Clause does not prevent the litigation of personal jurisdiction in an action to enforce a foreign judgment." *Colonial Pac. Leasing Corp. v. Taylor,* 326 S.C. 529, 532, 484 S.E.2d 595, 596–97 (Ct.App.1997). *See also Alladin Plastics, Inc. v. Wintenna, Inc.,* 301 S.C. 90, 390 S.E.2d 370 (Ct.App. 1990). Further, "judgments obtained in violation of procedural due process are not entitled to full faith and credit when sued upon in another jurisdiction." *Purdie v. Smalls,* 293 S.C. 216, 220, 359 S.E.2d 306, 308 (Ct.App.1987) (citing *Griffin v. Griffin,* 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635 (1946)).

■ Armaly, by challenging the enforcement of the foreign judgment on the ground of lack of personal jurisdiction,

assumed the burden of proof. *See Espinal v. Blackmon,* 298 S.C. 544, 381 S.E.2d 921 (Ct.App.1989). Our supreme court has recognized:

A judgment presumes jurisdiction over the subject matter and over the persons ... [and] "[i]f it appears on its face to be a record of a court of general jurisdiction, such jurisdiction over the cause and the parties is to be presumed unless disproved by extrinsic evidence, or by the record itself."

*Taylor v. Taylor,* 229 S.C. 92, 97, 91 S.E.2d 876, 879 (1956) (quoting with approval *Cook v. Cook,* 342 U.S. 126, 128, 72 S.Ct. 157, 96 L.Ed. 146 (1951) (citations omitted)).

The Florida judgment appears regular on its face so jurisdiction must be presumed unless Armaly, from the record or by extrinsic evidence, overcomes that presumption. In the motion to dismiss, Armaly alleged: "[He] did not have minimum contacts with the state of Florida to provide an independent basis for jurisdiction."

In support of the motion, he submitted an affidavit stating in pertinent part:

9. This transaction was the first and only time I have dealt with Security Credit Leasing, Inc. I have never gone to Florida in connection with my dealings with Security Credit Leasing, Inc. and have never visited their place of business.

10. Security Credit Leasing, Inc. initiated the contact with me and installed their equipment in South Carolina.

11. All business transactions between myself and Security Credit Leasing, Inc. have taken place in South Carolina and I did not purposefully avail myself of the privileges and benefits of doing business in Florida.

We find Armaly sufficiently carried the burden of proof to overcome the presumption of jurisdiction from a judgment that appears valid on its face. Hence, the question of personal jurisdiction was properly raised before the lower court.

■■■ Armaly argues on appeal the lower court erred in applying *Republic Leasing Co., Inc. v. Haywood,* 329 S.C. 562, 495 S.E.2d 804 (Ct.App.1998), *opinion vacated,* 335 S.C. 207, 516 S.E.2d 441 (1999), to decide upon the question of personal jurisdiction. In *Republic Leasing,* this court upheld the imposition of personal jurisdiction over a nonresident defendant in

a court of this state solely on the basis of a personal jurisdiction clause contained in a contract, where the contract was entered into at arm's length by sophisticated business entities. Armaly maintains Florida law, rather than South Carolina law must be applied to determine whether the Florida court properly maintained personal jurisdiction.[1] We agree. "The validity and effect of a foreign judgment must be determined by the laws of the state that rendered the judgment." *Loyd & Ring's Wholesale Nursery, Inc. v. Long & Woodley Landscaping & Garden Ctr., Inc.*, 315 S.C. 88, 91, 431 S.E.2d 632, 634 (Ct.App.1993). *See also Hamilton,* 236 S.C. 487, 115 S.E.2d 68; *Carson,* 326 S.C. 543, 485 S.E.2d 126; *Purdie,* 293 S.C. 216, 359 S.E.2d 306.

 Under Florida law, two requirements must be met for a Florida court to obtain personal jurisdiction over an out-of-state defendant: (1) the plaintiff must allege sufficient jurisdictional facts in the complaint to bring the action within the Florida long-arm statute, Fla.Stat.Ann. § 48.193 (Supp.1999), and (2) the defendant must have sufficient minimum contacts with the state to satisfy the Fourteenth Amendment's due process requirements. *Doe v. Thompson,* 620 So.2d 1004 (Fla.1993); *Venetian Salami Co. v. Parthenais,* 554 So.2d 499 (Fla.1989); *Belz Investco Ltd. Partnership v. Groupo Immobiliano Cababie,* 721 So.2d 787 (Fla.Dist.Ct.App.1998).

 This constitutional analysis involves a consideration of whether assertion of jurisdiction would offend traditional notions of fair play and substantial justice, and whether the defendant could reasonably anticipate being haled into court in Florida. *Venetian Salami,* 554 So.2d at 500. *See also World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 444 U.S. 286 (1980) (to satisfy due process, defendant should reasonably anticipate being haled into foreign forum). Whether the constitutional requirement of mini-

---

1. Security Credit conceded at oral argument that the lower court erred in applying South Carolina law to address the question of whether the Florida court properly maintained personal jurisdiction. However, we find it unnecessary to remand for an application of Florida law to this question. A review of the record and applicable case law supports the decision of the lower court, and though an improper analysis was applied, we may affirm for any reason appearing in the record. *See* Rule 220(c), SCACR.

mum contacts has been met depends on the facts of each case. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

As to the first requirement, Florida's long-arm statute provides, in pertinent part, for the assertion of jurisdiction over a non-resident defendant for "[b]reaching a contract in this state by failing to perform acts required by the contract to be performed in this state." Fla.Stat.Ann. § 48.193(1)(g) (Supp.1999).

■■■■■ "The breach of a contract calling for payment in Florida qualifies as an enumerated jurisdictional act under the statute [§ 48.193(1)(g) ]." *Quality Christmas Trees Co., Inc. v. Florico Foliage, Inc.,* 689 So.2d 1222, 1223 (Fla.Dist.Ct.App. 1997); *Unger v. Publisher Entry Serv., Inc.,* 513 So.2d 674 (Fla.Dist.Ct.App.1987). However, failure to make payments in Florida, standing alone, is not sufficient to subject the nonresident buyer to personal jurisdiction by a Florida court. *See Venetian Salami,* 554 So.2d at 503; *Blankenship v. Interim Servs., Inc.,* 700 So.2d 429 (Fla.Dist.Ct.App.1997); *Wartski v. Sencer,* 615 So.2d 794 (Fla.Dist.Ct.App.1993).

■■■■■ Armaly argues the first requirement for the proper exercise of personal jurisdiction was not satisfied because he never committed any act subjecting him to jurisdiction under Florida's long-arm statute. Armaly contends no part of the contract, specifically payment, was required to be performed in Florida. However, under Florida law the well settled presumption that a debt is to be paid at the creditor's place of business where the contract does not expressly designate the place of payment is sufficient to satisfy the language of § 48.193(1)(g). *Armaly v. Practice Management Assocs., Inc.,* 533 So.2d 920 (Fla.Dist.Ct.App.1988); *Madax Int'l Corp. v. Delcher Intercontinental Moving Servs.,* 342 So.2d 1082 (Fla.Dist.Ct.App.1977); *James A. Knowles, Inc. v. Imperial Lumber Co.,* 238 So.2d 487 (Fla.Dist.Ct.App.1970).

Armaly contends this principle has never been upheld by the Supreme Court of Florida, citing *McRae v. J.D./M.D., Inc.,* 511 So.2d 540 (Fla.1987). In *McRae,* the supreme court held that a forum selection clause designating Florida as the forum could not operate as the sole basis to exercise personal jurisdiction over a nonresident defendant. In so ruling, the

court refused to recognize an independent basis for jurisdiction where it was clear the contract was not to be performed in Florida. The court stated: "Under respondent's theory, its unilateral demand on petitioner for payment to be made at its Florida office, *arising from the alleged breach of contract,* is enough to bring McRae within the purview of the statute. Such a contention is meritless." *McRae,* 511 So.2d at 542 (emphasis added). Armaly urges this court to interpret this quote from *McRae* to be a repudiation of the principle that payment in Florida coupled with a forum selection clause may form the basis for jurisdiction, as recognized in *Desai Patel Sharma, Ltd. v. Don Bell Indus., Inc.,* 729 So.2d 453 (Fla.Dist. Ct.App.1999). We do not read *McRae* to be so broad in its application.

In *McRae,* the respondent was a Delaware corporation that negotiated solely out of its New Jersey office to supply an expert witness to McRae in Mississippi in return for a percentage of any recovery. The respondent had an office in Florida, which had no connection to the transaction. Apparently after the alleged breach of the contract, the Florida office unilaterally sent a bill to him demanding payment in Florida. The *McRae* court recognized no part of the contract was to be performed in Florida under those circumstances.

The facts in *McRae* are readily distinguishable from those underlying the line of Florida cases recognizing a presumption that payments are due in Florida where the plaintiff is a Florida corporation with a Florida office and the contract does not specify the place of payment. In this case, Security Credit is a Florida corporation with its office in Florida that contracted to be paid a sum certain by Armaly. Under Florida case law, we believe it clear an un-rebutted presumption arose that Armaly owed payment to Security Credit at its Florida office. As such, we find the first prong for the Florida court to exercise personal jurisdiction over Armaly satisfied by his commission of a jurisdictional act under Florida's long-arm statute.

As stated, the exercise of personal jurisdiction also requires that Armaly have sufficient minimum contacts with the state of Florida to satisfy due process. A forum selection clause, *without more,* is insufficient to meet the requirements

of due process in Florida, as a defendant does not waive the right to due process merely by signing a contract containing a permissive jurisdiction clause. *Vaughn v. AAA Employment,* 511 So.2d 1045 (Fla.Dist.Ct.App.1987); *McRae,* 511 So.2d 540 (Fla.1987); *Desai Patel Sharma, Ltd. v. Don Bell Indus., Inc.,* 729 So.2d 453 (Fla.Dist.Ct.App.1999). However, Florida law holds that the failure to make payment, coupled with a forum selection clause addressing jurisdiction, is sufficient to confer personal jurisdiction. In *Desai,* the court explained:

> Federal courts and most state courts have held that a choice of forum clause is sufficient in itself to waive the requirement for minimum contacts and to submit the non-resident to the jurisdiction of the forum state. However, Florida has held that in addition to the forum clause, there must be some independent basis for state jurisdiction in order to bring a nonresident into our courts. The additional basis in this case is Sharma's breach of contract in Florida by failing to make the required payments here.

*Desai,* 729 So.2d at 454 (citations omitted).

Similarly, in *Vacation Ventures, Inc. v. Holiday Promotions, Inc.,* 687 So.2d 286, 288 (Fla.Ct.App.1997), the court held that an out-of-state defendant's failure to make payments due in state, together with a contractual agreement consenting to Florida jurisdiction, satisfied constitutional due process. The court observed that "[s]ubsection 48.193(1)(g) is based upon the premise that refusal to make contractually required payments in Florida causes foreseeable injury in Florida." *Id.* at 289.

In *Dolphin Aviation, Inc. v. High Country Helicopters, Inc.,* 695 So.2d 811 (Fla.Ct.App.1997), the court held that where a lease contained a forum selection clause stating any litigation arising from the lease would be litigated in Florida, and the lease stated payments were to be made to the Florida lessor in Sarasota, Florida, long-arm jurisdiction would be applied to the lessees, residents of Colorado. The court stated the defendants "should have reasonably anticipated litigation in Florida if a dispute arose under the lease." *Id.* at 813. *See also Nelson v. Ameriquest Tech., Inc.,* 739 So.2d 161 (Fla.Ct. App.1999) (invoices requiring payment to be made in Florida

together with venue provisions conferred in personam jurisdiction of Florida court over non-resident defendant).

In this case, it is clear the lease contained a valid forum selection clause and Armaly was required to perform part of the contract, i.e. payment, in Florida. As such, the Florida court properly exercised jurisdiction. For the foregoing reasons, we affirm the trial court's denial of the motion to dismiss and enforcement of the Florida judgment in South Carolina.

**AFFIRMED.**

GOOLSBY and HUFF, JJ., concur.