**CONSOLIDATED INSURED BEN-EFITS, INC., and Ronald F. English, Plaintiffs,**

v.

**CONSECO MEDICAL INSURANCE COMPANY, A Foreign Corporation, Defendant.**

**No. C.A. 6:03–3211–20.**

United States District Court, D. South Carolina, Greenville Division.

Dec. 21, 2004.

Robert Edward Hoskins, Foster and Foster, Greenville, SC, for Plaintiffs.

Robert C. Byrd, Jenny Anderson Horne, Parker Poe Adams and Bernstein, Charleston, SC, for Defendant.

## ORDER

HERLONG, District Judge.

This matter is before the court on Conseco Medical Insurance Company's ("Conseco") motion to reconsider the court's February 23, 2004, order ("February Order"). In the February Order the court denied Conseco's motion to dismiss for improper venue or, in the alternative, to transfer the case to the United States District Court for the District of Indiana. For the reasons stated below, the court denies Conseco's motion to reconsider.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual History

Consolidated Insured Benefits, Inc. ("CIB") is a South Carolina corporation. CIB marketed and sold individual health insurance policies issued by Conseco and was appointed by Conseco as a Field Marketing Organization ("FMO").[1] (Compl.¶ 1.) Ronald F. English was the director of marketing for CIB. (*Id.* ¶ 2.) In 1999, Conseco replaced its existing FMO agreement with CIB with a new agreement. (*Id.* ¶ 13.) In the new agreement, CIB agreed to exclusively sell Conseco policies to avoid the termination of its FMO appointment. (*Id.* ¶¶ 11, 13.) The new agreement contained a forum selection clause and a choice of law provision.[2]

In 2000, CIB grew concerned about Conseco's financial status. (*Id.* ¶ 21.) Conseco reassured CIB that it was financially sound. (*Id.* ¶¶ 21, 23–24.) However, on July 25, 2001, Conseco informed CIB and the other FMOs that it was going out of the health insurance business in sixteen states, including North and South Carolina. (*Id.* ¶¶ 21, 23–24, 26–27, 30.) Conseco informed its North Carolina policyholders (who comprised the majority of CIB's business) that it was working with Blue Cross Blue Shield of North Carolina ("Blue Cross") to obtain replacement coverage. (Compl.¶ 31.) Blue Cross then offered replacement coverage to all North Carolina Conseco policyholders, but because Blue Cross did not appoint CIB as the agent, CIB lost all commission income from Conseco North Carolina policies. (*Id.* ¶ 32.) CIB alleges this resulted in

over Five Million Dollars in lost commission income. (*Id.* ¶ 33.) In its complaint, CIB alleges claims of fraud, negligent misrepresentation, and breach of fiduciary duty.

### B. Relevant Procedural History

On November 24, 2003, Conseco moved to dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. In the alternative, Conseco asked the court to transfer the case to the District of Indiana pursuant to 28 U.S.C. § 1404(a).

In the February Order the court denied Conseco's motion to dismiss because it found the forum selection clause in the agreement "unreasonable," as enforcing the clause would contravene a "strong public policy of the forum state." *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir.1996); (Feb. Order at 3.) The court concluded that South Carolina has a strong policy disfavoring forum selection clauses, largely because of S.C.Code Ann. § 15–7–120(A), which permits a plaintiff to disregard an otherwise valid forum selection clause in choosing the forum for a lawsuit. S.C.Code Ann. § 15–7–120(A) provides:

Notwithstanding a provision in a contract requiring a cause of action arising under it to be brought in a location other than as provided in this title and the South Carolina Rules of Civil Procedure for a similar cause of action, the cause of action alternatively may be brought in the manner provided in this title and the South Carolina Rules of Civil Procedure for such causes of action.

---

1. As an FMO, CIB recruited independent insurance brokers and solicitors who, in turn, sold Conseco health insurance policies. Conseco paid CIB commissions on these sales. (Compl.¶¶ 7–9.)

2. "This agreement and any amendments hereto shall be governed by and construed in accordance with the laws of the State of Indiana. Each party agrees to the exclusive jurisdiction of the courts of Hamilton County, Indiana, with respect to any claim or cause of action, whether in law or in equity, including specific performance, arising under or relating to this Agreement." (Def.'s Mem. Supp. Mot. Dismiss at 2.)

The court also denied Conseco's motion to transfer the case to the District of Indiana under 28 U.S.C. § 1404(a). The court acknowledged that § 1404 was "intended to place discretion in the district court to adjudicate motions for transfer according to individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (internal quotation omitted). The court weighed several factors in its analysis. Ultimately, the court concluded that the matter should remain in South Carolina, determining that South Carolina would be more convenient for the witnesses and that CIB's choice of South Carolina for the forum is entitled to deference.

The court also considered the forum selection clause and its effect on Conseco's motion to transfer. However, the court noted that even if the forum selection clause were enforceable, transfer pursuant to § 1404(a) would not be available because the forum selection clause designated a non-federal forum. *See Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 (3rd Cir.2001). On October 26, 2004, Conseco filed the instant motion asking the court to reconsider the February Order.

## II. DISCUSSION OF THE LAW

Conseco raises three arguments in its motion to reconsider. First, Conseco argues that South Carolina has no public policy against out-of-state forum selection clauses. Second, Conseco argues that, because the United States District Court for the District of Georgia considered the identical forum selection clause in a recent case and transferred the case to the District of Indiana, this court should do the same. *See Reginald Martin Agency, Inc. v. Conseco Med. Ins. Co.*, No. 1:03–3810–RWS, slip op. at 6, 8–9 (N.D.Ga. Sept. 10, 2004). Finally, Conseco argues that precedent in the United States Court of Appeals for the Fourth Circuit requires this court

to enforce out-of-state forum selection clauses, regardless of the convenience of the parties and the witnesses.

### A. Rule 60(b) Standard

As a preliminary matter, Rule 60(b) of the Federal Rules of Civil Procedure states, "On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding." Rule 60(b) lists six circumstances in which a court may relieve a party from the effect of an order. In its motion to reconsider, Conseco has not indicated which of these circumstances it is relying upon for relief.

■ The court will construe this motion as one brought under Rule 60(b)(6), which entitles the court to relieve a party from an order for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). However, the remedy under Rule 60(b)(6) is "only to be invoked upon a showing of exceptional circumstances." *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 266 (4th Cir.1993) (internal quotation omitted). Because Conseco is not entitled to 60(b)(6) relief, the court need not address whether Conseco has shown "exceptional circumstances" and met the other threshold conditions necessary for Rule 60(b) to apply. *Id.* at 264–66.

### B. Improper Venue

Conseco's first argument concerns the court's denial of Conseco's motion to dismiss for improper venue. Conseco argues that there is no public policy in South Carolina against out-of-state forum selection clauses, relying on the United States District Court for the District of South Carolina's recent decision in *Atlantic Floor Services, Inc. v. Wal–Mart Stores, Inc.*, 334 F.Supp.2d 875 (D.S.C.2004), to support its argument.

As noted in the February Order, the court in *Insurance Products Marketing, Inc. v. Indianapolis Life Insurance Co.* addressed the issue of whether South Carolina has a strong public policy against out-of-state forum selection clauses and concluded that it does. 176 F.Supp.2d 544, 550 (D.S.C.2001). Specifically, the court in *Insurance Products* found that, by enacting S.C.Code Ann. § 15–7–120, the "legislature of South Carolina did not agree with the federal courts' favorable view of forum selection clauses and desired to insulate South Carolina litigants from their effect." *Id.* Further, the South Carolina Court of Appeals has broadly interpreted the statute. *See Johnson v. Paraplane Corp.,* 319 S.C. 247, 460 S.E.2d 398, 399–400 (1995), *vacated on other grounds,* 321 S.C. 316, 468 S.E.2d 620 (1996). After analyzing the statute, *Insurance Products,* and *Johnson v. Paraplane,* the court reaffirms its conclusion that South Carolina has a strong policy disfavoring forum selection clauses. While the legislators may not have declared the state policy in the text of the statute, the statute embodies South Carolina's policy against forum selection clauses through what it expressly allows. The statute permits a plaintiff, who would otherwise be bound to bring a case in the forum designated in a forum selection clause, to bring the case in South Carolina where possible under the South Carolina Rules of Civil Procedure.

In concluding that South Carolina has a policy against forum selection clauses, the court respectfully disagrees with the *Atlantic Floor* decision. The *Atlantic Floor* court relied principally on the fact that, "despite numerous opportunities, South Carolina's appellate courts have not suggested, much less declared, that forum selection clauses violate the public policy of the state." 334 F.Supp.2d at 879–80. The *Atlantic Floor* court cited three cases, *St. John's Episcopal Mission Center v. South Carolina Department of Social Services,*

276 S.C. 507, 280 S.E.2d 207 (1981), *Security Credit Leasing Inc. v. Armaly,* 339 S.C. 533, 529 S.E.2d 283 (S.C.Ct.App.2000), and *Firestone Financial Corp. v. Owens,* 309 S.C. 73, 419 S.E.2d 830 (1992), upon which Conseco also relies in its motion. (Def.'s Mem. Supp. Mot. Recons. at 6 n.4.) However, these cases are unpersuasive.

First, as Conseco and the court in *Atlantic Floor* both acknowledged, *St. John's* was decided *before* S.C.Code Ann. § 15–7–120(A) was adopted in 1990. *See Atlantic Floor,* 334 F.Supp.2d at 879, (Def.'s Mem. Supp. Mot. Recons. at 6 n.4.) As such, the *St. John's* court neither mentioned S.C.Code Ann. § 15–7–120(A) nor the policy it embodied against forum selection clauses.

*Security Credit* and *Firestone* were both decided after the statute was enacted, but the question before the court in both cases—whether the courts in which the trials were held had jurisdiction—differed from the question before this court. In *Security Credit* and *Firestone,* the plaintiffs brought the cases in the forums required by the forum selection clauses, in Florida and in Massachusetts, respectively. *Security Credit,* 529 S.E.2d at 285; *Firestone,* 419 S.E.2d at 831. Accordingly, the South Carolina courts were not evaluating whether the plaintiff could bring the case in South Carolina, but instead whether the Florida and Massachusetts courts had jurisdiction and whether the resulting decisions should be upheld. *See Security Credit,* 529 S.E.2d at 286–87; *Firestone,* 419 S.E.2d at 832. S.C.Code Ann. § 15–7–120(A) does not prevent a plaintiff from bringing a case in the forum designated in the forum selection clause; rather, the statute allows a plaintiff to bring the case in South Carolina. Hence, the courts in *Security Credit* and *Firestone* did not need to address the statute or the policy embodied in it because the plaintiffs in those

cases had not attempted to bring the cases in South Carolina.

Conseco also argues that S.C.Code § 15–7–120(A) only applies to intrastate forum selection clauses and should not apply to the forum selection clause in this case. (Def.'s Reply Pls.' Mem. Opp'n Mot. Recons. at 4.) The court disagrees for two reasons.

First, the statute sets forth a policy disfavoring forum selection clauses. It does not expressly limit that policy to intrastate or interstate forum selection clauses. Accordingly, the statute embodies a policy disfavoring all forum selection clauses, as it permits a plaintiff to ignore any forum selection clause and bring the case in South Carolina where the South Carolina Rules of Civil Procedure allow.

Second, the context of the statute suggests that it applies to out-of-state forum selection clauses. Conseco argues the opposite, that the context of section 15–7–120(A) supports its interpretation that the statute only applies to intrastate forum selection clauses. Conseco notes that (1) the statute is "one of twelve statutory provisions dealing with venue found in Chapter 7 of Title 15 of the South Carolina Code"; (2) "[t]hese statutes address which South Carolina 'county' is proper for venue purposes"; and (3) "*None* of the other statutes in Chapter 7 speak to venue outside of the State of South Carolina." (Def.'s Mem. Supp. Mot. Recons. at 4.) However, Conseco's argument is unpersuasive. The provision immediately following section 15–7–120(A), section 15–7–120(B), undermines Conseco's interpretation. Section 15–7–120(B) states the following: "A provision in an arbitration agreement that arbitration proceedings must be held *outside of this state* is not enforceable with respect to a cause of action, which, but for the arbitration agreement, is triable in the Courts of this State." (emphasis added). Hence, section 15–7–120(B) is directed at

agreements that require out-of-state arbitration of claims. Although section 15–7–120(B) has been found to be preempted by the Federal Arbitration Act in *Tritech Electric, Inc. v. Frank M. Hall & Co.*, 343 S.C. 396, 540 S.E.2d 864 (2000), the provision's placement immediately following section 15–7–120(A) strongly suggests that the legislature did not intend section 15–7–120(A) to apply solely to intrastate forum selection clauses.

█ Based on the foregoing, the court concludes, as it did in the February Order, that there is a strong public policy in South Carolina against forum selection clauses. As such, the forum selection clause is "unreasonable" under *Allen*, and the court shall not dismiss the case.

## C. Transfer of Venue

Conseco's remaining two arguments concern the court's denial of Conseco's motion to transfer the case to the District of Indiana pursuant to 28 U.S.C. § 1404(a). First, Conseco argues that the Northern District of Georgia's treatment of the same forum selection clause in *Reginald* should persuade this court to transfer the case to Indiana. Second, Conseco asserts that case law from the United States Court of Appeals for the Fourth Circuit requires the court to enforce the forum selection clause, despite considerations of convenience to the witnesses.

█ The court concludes that the Northern District of Georgia's decision in *Reginald* provides little support to Conseco's motion to transfer. As noted in *Stewart Organization, Inc. v. Ricoh Corp.*, a motion to transfer brought under § 1404(a) "calls on the district court to weigh in the balance a number of case-specific factors." 487 U.S. at 29, 108 S.Ct. 2239. Among the factors to be considered are convenience to the parties, convenience to the witnesses, and the presence of a

forum selection clause. _See_ 28 U.S.C. § 1404(a); _Ricoh Corp._, 487 U.S. at 30, 108 S.Ct. 2239.

The court in _Reginald_ weighed the case-specific factors and decided to transfer the case to Indiana. Although the forum selection clause in _Reginald_ is the same as the forum selection clause in the instant case, this court's and the _Reginald_ court's analyses of the factors involved were different, as there were different witnesses and different parties involved. Unlike this court, which considered the convenience to the parties and witnesses and concluded that South Carolina would be a more convenient venue for the witnesses, the _Reginald_ court did not conclude that Georgia would be more convenient for the witnesses and noted that "it actually appears that Indiana would be _more_ convenient" for the parties. _Reginald_, slip. op. at 8. Hence, the factors before the _Reginald_ court and this court differed, rendering the _Reginald_ court's decision to transfer unpersuasive.

Finally, Conseco argues that the law in the Fourth Circuit requires the court to enforce the forum selection clause, despite any inconvenience to the parties and witnesses. (Def.'s Mot. Recons. at 2.) Conseco relies on two unpublished opinions, _Byrd v. International Transtech Corp._, No. 88–3847, 1989 WL 21452 (4th Cir. March 2, 1989), and _Nizam's Institute of Medical Sciences v. Exchange Technologies, Inc._, No. 93–2196, 1994 WL 319187 (4th Cir. July 5, 1994).

■ Neither _Byrd_ nor _Nizam's Institute_ persuades the court that it erred in declining to transfer the case pursuant to § 1404(a). The court in _Byrd_ acknowledged that _Ricoh Corp._ requires a district court to consider a forum selection clause as a "significant factor" in its § 1404(a) analysis, along with the other factors of the convenience of the parties and witnesses and the interest of justice. _See_ 28

U.S.C. § 1404(a); _Byrd_, 1989 WL 21452 at *2 (internal quotation omitted). The _Byrd_ court ultimately remanded the case so that the parties could present proof on the issues of (a) whether the forum selection clause was procured by fraud, and (b) which forum would be more convenient for the parties and witnesses. 1989 WL 21452 at *3. The court's language in _Byrd_ suggests that the forum selection clause should be enforced absent a claim that it would be impossible to conduct the litigation in the forum set forth in a valid forum selection clause. _Id._ However, the United States Court of Appeals for the Fourth Circuit clarified the § 1404(a) analysis in a later, published decision, _Brock v. Entre Computer Centers, Inc._ 933 F.2d 1253 (4th Cir.1991). The _Brock_ court explained, "[F]orum selection clauses should receive neither dispositive consideration nor no consideration ... but rather the consideration for which Congress provided in § 1404(a)." _Id._ at 1258 (internal quotation omitted). After considering that the convenience of the parties and witnesses favored neither state, the _Brock_ court concluded that "the forum selection clause is dispositive only because no other factors tip the balance under a careful § 1404(a) analysis." _Id._

In denying the motion to transfer, the court carefully considered the factors in this case, including the forum selection clause, and determined that the balance weighed in favor of not transferring the case. The court reaffirms its decision not to transfer the case on the basis that South Carolina is a more convenient forum for the witnesses.

Finally, _Nizam's Institute_, which was decided after _Brock_, does not affect the court's analysis. First, the court in _Nizam's Institute_ was not evaluating a denial of a motion to transfer under § 1404(a). Rather, the court was considering whether

the United States District Court for the District of Maryland had erred in dismissing the case under Rule 12 of the Federal Rules of Civil Procedure. *See Nizam's Institute,* 1994 WL 319187 at *1. The standards and law applicable for dismissal and transfer to enforce a forum selection clause differ, so *Nizam's Institute* is unpersuasive in the instant § 1404(a) analysis. *See Allen,* 94 F.3d at 928 (setting forth the law applicable in a motion to dismiss); *Ricoh Corp.* 487 U.S. at 28–32, 108 S.Ct. 2239 (setting forth the law applicable in a motion to transfer under § 1404(a)). Second, the *Nizam's Institute* court specifically found that "it would be unrealistic to think that the parties did not conduct their negotiations, ... with the consequences of the forum clause figuring prominently in their calculations." *Id.* at *3 (internal quotation omitted). There has been no suggestion that the forum selection clause figured prominently in the negotiations between CIB and Conseco. Hence, the *Nizam's Institute* court's analysis is unpersuasive in the instant case. Therefore, after a thorough analysis of Conseco's arguments, the court reaffirms its order denying Conseco's motion to transfer pursuant to § 1404(a).

It is therefore

**ORDERED** that Conseco's motion to reconsider is denied.

**IT IS SO ORDERED.**